328 So.2d 339 (1976)
Georgette LEVANDOSKI, Administratrix of Estate of Rose Marie Levandoski, Deceased
v.
JACKSON COUNTY SCHOOL DISTRICT et al.
No. 48546.
Supreme Court of Mississippi.
March 16, 1976.
Levi, Wilson & Denham, P.A., Ocean Springs, for appellant.
*340 Eaton, Cottrell, Galloway & Lang, Gulfport, Megehee, Brown & Williams, Pascagoula, for appellees.
Before GILLESPIE, INZER and ROBERTSON, JJ.
ROBERTSON, Justice.
Georgette Levandoski, Administratrix of the Estate of her minor daughter, Rose Marie Levandoski, Deceased, brought suit against the Jackson County School District; the Board of Education of the Jackson County School District; M.H. Mallette, Jackson County Superintendent of Education; St. Martin Attendance Center; the Trustees of St. Martin Attendance Center; Richard Vogle; Charles Duffie; Burl E. Cooley; Mrs. Kenneth R. McGill; and Mrs. Rebecca Dowdle, in the Circuit Court of Jackson County to recover damages for the wrongful death of Rose Marie.
On motion to quash process and dismiss the action because of immunity from suit (when acting in their official capacities) by reason of governmental sovereignty, this action was dismissed as to Jackson County School District, Jackson County School District Board of Education, M.H. Mallette, Superintendent of Education of Jackson County, St. Martin Attendance Center, and Trustees of St. Martin Attendance Center. Plaintiff does not appeal from the order dismissing these defendants.
M.H. Mallette, individually, Richard Vogle, head principal, Charles Duffie, acting principal of St. Martin Junior High School, Burl E. Cooley, Principal, who was absent and at another attendance center on February 1, 1973, Mrs. Kenneth R. McGill and Mrs. Rebecca Dowdle, teachers, filed separate demurrers to the amended declaration of administratrix, each demurrer stating:
"1. The said Amended Declaration fails to state a cause of action as to this defendant.
"2. The Amended Declaration fails to charge any negligence on the part of this defendant which could have caused or proximately contributed to the death of Rose Marie Levandoski."
The demurrer of each defendant was sustained by the circuit court "for the reason that the Amended Declaration fails to state a cause of action against the said defendants", and the amended declaration dismissed. Plaintiff appeals.
In her amended declaration, the administratrix alleged:
"On February 1, 1973, the deceased [13-year-old Rose Marie] had a math class from 12:00 to 12:50. Thereafter, she remained in the same classroom for her next class, an English Class which was to be taught by the Defendant, Mrs. Kenneth R. McGill. During the ten minute break from 12:50 to 1:00 P.M. between the Math and English classes, Miss Levandoski left her books in and on her desk and her coat and her purse on the top of her desk and clearly within the visibility of any person in the classroom; she left the classroom at this time and was not seen alive again."
"Thereafter, the Defendant, Mrs. Kenneth R. McGill and Defendant, Rebecca Dowdle, in this respective order, conducted classes as described in the previous paragraph in the aforesaid classroom. At no time was Rose Marie Levandoski properly reported absent even though she had not returned to the classroom and her absence was repeatedly brought to the attention of these two Defendants. Miss Levandoski's absence, further, was not communicated to her parents by any of the school authorities and no inquiries as to her whereabouts nor search for her person was instituted by said authorities. Plaintiff would show that it was within the capability of these Defendants and other Defendants listed in this suit to have determined the absence of Rose Marie Levandoski within *341 ten minutes of the beginning of class at 12:50 on February 1, 1973, and that this would have been the logical course of action and the reasonable prudent course of action to take under the circumstances. Plaintiff would further show that at the time of the disappearance of Miss Levandoski it was a well known fact within the community and within the school system as a whole that the area surrounding the school was at times frequented by characters whose behavior adversely affected the well-being of the students within the school system. Further, there was widespread known abuse of the existing absentee reporting system, and it was well known to the Defendants named herein that the well-being of unauthorized absentees and their safety was jeopardized by the existing system together with the state of conditions existing around the said school at the time of the disappearance of Miss Levandoski. Plaintiff would further show that it is probable that if the disappearance of Miss Levandoski had been promptly reported and the proper precautions had been taken to minimize the risk involved to her safety and well-being, that she would not have come to any harm, but as stated before her absence was never properly noted by the teachers and was never reported either to the police, her parents, or the appropriate school authorities who might have instituted a widespread search for Miss Levandoski."
"Thereafter, on or about February 21, 1973, Miss Levandoski's body was found floating in the Tchouticabouffa River, and it was determined she had died from a stab wound in the back."
Plaintiff charged in her declaration that Vogle, Duffie and Cooley were guilty of gross, wanton and willful negligence in that they designed and administered a grossly defective system of reporting absences, and in the hiring of teachers incompetent, negligent, and careless in the reporting of absences. Plaintiff charged that these negligent acts on the part of Vogle, Duffie and Cooley "were a direct and proximate cause or a substantial, contributing cause of the decedent's death."
Plaintiff charged Mrs. Dowdle and Mrs. McGill with gross, wanton and willful negligence, in failing to report the unauthorized absence of Rose Marie, failing to look for her, failing to keep a watchful eye on the students in their charge, and failing to allow others to look for Rose Marie.
The circuit court was correct in sustaining the demurrers of these defendants to the amended declaration because it did not state a cause of action against these defendants.
Even if defendants Vogle, Duffie and Cooley were negligent in designing and administering the reporting system for unauthorized absences, and even if defendants McGill and Dowdle were negligent in reporting the unauthorized absence of Rose Marie, no causal connection was alleged or charged between the so-called negligent acts of these defendants and the wrongful death of Rose Marie.
The plaintiff, herself, did not know and consequently could not charge where, when, how or why Rose Marie was killed, nor who committed this terrible crime.
78 C.J.S. Schools and School Districts § 238, page 1197, contains this statement:
"The mere fact that an accident happened in which a pupil was injured does not render the teacher liable, and a teacher or principal is not liable for injuries to a pupil where he was not negligent or where his negligence was not the proximate cause of the injury."
We find these statements in the Annotation on this point in 38 A.L.R.3d 830 (1971):
"[A]bsent special, dangerous circumstances, a school district does not have *342 the duty of providing constant supervision of all movements of pupils at all times. [Citations omitted]." 38 A.L.R. 3d at page 842.
......
"There must be a proximate causal connection between the inadequacy or lack of supervision and the accident. [Citing: Morris v. Ortiz (1968) 103 Ariz. 119, 437 P2d 652, 35 ALR3d 747, infra § 6[b]; Tymkowicz v. San Jose Unified School Dist. (1957) 151 Cal App 2d 517, 312 P2d 388, infra § 5[a]; Beck v. San Francisco Unified School Dist. (1964) 225 Cal App 2d 503, 37 Cal Rptr 471, infra § 8[a]; Ferguson v. Payne (1953) 306 NY 590, 115 NE2d 687, affg. 279 App Div 968, 111 NYS 2d 531, infra § 9[b]; Coates v. Tacoma School Dist. (1960) 55 Wash 2d 392, 347 P2d 1093, infra § 13[b]... .]." 38 A.L.R.3d at page 843.
The annotation also has this to say:
"Case law generally stresses the point that the school is not an insurer of the safety of pupils, but has the duty as variously described, of exercising ordinary care, of reasonable prudence, or of acting as a reasonable person would act under similar circumstances. A number of New York cases have expressed the duty as being that which a parent of ordinary prudence would observe in comparable circumstances. [Citation omitted].
"A number of cases have taken the position that supervisory personnel were required to act to prevent an injury only where the specific-type injury was reasonably foreseeable." 38 A.L.R.3d at page 834.
"There is no liability predicated on lack or insufficiency of supervision where the event in connection with which the injury occurred was not reasonably foreseeable. [Citations omitted]." 33 A.L.R.3d at page 845.
For these reasons, the judgment of the circuit court, sustaining demurrers to the amended declaration, is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER and BROOM, JJ., concur.