# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00363-SCT

*ANDREW HENDERSON, A MINOR,*
*BY AND THROUGH HIS NEXT FRIEND*
*AND GUARDIAN, WALTER HENDERSON*
*AND WALTER HENDERSON, INDIVIDUALLY*

*v.*

*SIMPSON COUNTY PUBLIC SCHOOL DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/7/2001 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DEREK L. HALL |
| ATTORNEY FOR APPELLEE: | KENNETH S. WOMACK |
| NATURE OF CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 06/12/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.     In this action for damages under the Mississippi Tort Claims Act, Andrew Henderson, a minor, and his natural guardian, Walter Henderson, appeal from the Circuit Court of Simpson County's grant of summary judgment in favor of the Simpson County Public School District.[1]  While attending school, Andrew Henderson was injured when he was taunted and assaulted by another student in the presence of their teacher.  The circuit court found that the School District fulfilled its duty to use ordinary care and to

---

[1]Jack McAlpin, in his official capacity as Superintendent of the Simpson County School District, was dismissed and is not a party to this appeal.

take reasonable steps to minimize foreseeable risks to students, thereby providing a safe school environment, and was not liable for Henderson's injuries. We reverse and remand, finding that questions of material fact as to foreseeability exist and summary judgment was therefore improper.

## FACTS

¶2. Henderson was an eleven-year-old honor student at Mendenhall Junior High School on November 4, 1997. While sitting at his assigned desk, he was assisting Nicole Gardner, another student, during math class. Nearby, a teacher was helping another student. Another student, Emmanuel Price, began loudly taunting and bothering Gardner and Henderson from across the room. Henderson asked Price to leave Gardner and him alone. Price walked over to Henderson's desk and made threatening gestures such as drawing his fist back several times as if to hit Henderson. After Price made threatening gestures for at least a minute, he struck Henderson. The punch was so hard that Henderson and the desk toppled to the floor. Henderson sustained a fractured tooth, a concussion, and a fracture to the inferior orbit beneath his right eye. As a result of the injuries, Henderson experienced double vision that required surgery and sustained medical bills in the amount of $8,270.43. Henderson sued the School District, alleging that Simpson County was negligent and was strictly liable for his injuries because it failed to use "ordinary care" in controlling, disciplining students and providing a safe environment for students.

## DISCUSSION

### WHETHER SUMMARY JUDGMENT WAS APPROPRIATE.

¶3. "[P]ublic schools have the responsibility to use ordinary care and to take reasonable steps to minimize foreseeable risks to students thereby providing a safe school environment." *L.W. v. McComb Separate Mun. Sch. Dist.*, 754 So. 2d 1136 , 1143 (Miss. 1999). "[T]here is no liability predicated on lack or insufficiency of supervision where the event in connection with which the injury occurred is not

2

reasonably foreseeable." *Levandoski v. Jackson County Sch. Dist.*, 328 So.2d 339, 342 (Miss. 1976).

¶4. The circuit court granted summary judgment based on its finding that there was no issue of material fact regarding foreseeability. Supporting this finding are the facts that there is no evidence that any School District employees had any knowledge that Price had violent propensities or that Price had ever behaved in this manner in the past.

¶5. Notwithstanding these facts, we find that several questions of material fact exist and that summary judgment was improper. According to Henderson, Price's taunts could be heard across the classroom. Price walked to Henderson's desk and made threatening gestures for approximately one minute before he struck Henderson. All of this occurred while a teacher was standing within five feet of Henderson. Even if, for argument's sake, the teacher did not have a responsibility to stop the taunting, there is still an issue of fact as to whether the teacher had adequate time and, indeed, a duty, to intervene in the situation while Price was standing over Henderson brandishing his fist for at least one minute.

¶6. The teacher's action or inaction bears on the question of ordinary care by the teacher in supervising her class and her awareness of what was transpiring.[2] In a case in which a student was sexually assaulted by a fellow student and the trial court dismissed the student's action for failing to state a claim, we reversed and remanded, holding that:

> The teachers and administrators here are then protected by sovereign immunity *if and only if they used ordinary care in*

---

[2]For general treatments of the liability or immunity of school districts for acts of students, see Allan E. Korpela, Annotation, *Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Caused by Acts of Fellow Students*, 36 A.L.R.3d 330 (1971 & Supp. 2002); Allan E. Korpela, Annotation, *Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Resulting from Lack or Insufficiency of Supervision*, 38 A.L.R.3d 830 (1971 & Supp. 2002).

> *controlling and disciplining their students. The issue of
> ordinary care is a fact question.* The trial court, *confronted with
> all relevant facts*, should then under our law, decide whether or not
> those responsible used ordinary care as required by the statute. If the trial
> judge concludes that they failed, neither they nor the school are immune
> from liability.

*L.W.*, 754 So. 2d at 1142 (emphasis added).

¶7.     While it may be true that no one involved had any knowledge of any violent propensities by Price, the factual circumstances surrounding the incident, namely, the loud taunting and the threatening gestures preceding the assault, bear on the question of the level of care exercised by the teacher in supervising her class at the time. These issues can be properly resolved only after a trial.

## CONCLUSION

¶8.     Given the unresolved factual questions present in this case and the principle that ordinary care is a question of fact, we find that the circuit court erroneously granted the Simpson County School District's motion for summary judgment.  The circuit court's judgment is reversed, and this case is remanded for a bench trial.

¶9.     **REVERSED AND REMANDED.**

        **PITTMAN, C.J., McRAE AND SMITH, P.JJ., DIAZ, EASLEY AND CARLSON, JJ., CONCUR.  COBB AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**