KING, P.J.,
for the Court:
¶ 1. This appeal is from a grant of summary judgment in a suit for damages for personal injuries filed by Pauline Slade against New Horizon Ministries, Inc. In her sole issue on appeal, Slade charges error on the part of the lower court in granting summary judgment. Finding no reversible error, we affirm.
FACTS
¶ 2. New Horizon Ministries, Inc. is a nonprofit corporate entity of New Horizons Church which administers the church’s Faith Works summer youth program. Faith Works seeks to provide education and experience to children between the ages of twelve and fifteen in preparation for their entry into the work force. During the summer of 1997, the daily activities of the Faith Works participants were supervised by the program’s director, Eddie Williams, and two counselors, Denise Gambs and Herbert Brown.
¶ 3. On June 18, 1997, approximately thirty-three children were participating in the Faith Works program. The program’s daily routine consisted of a morning hour of prayer and devotion, performance of the daily work assignment, lunch at a local elementary school, followed by a trip to the Sykes Community Center gymnasium or some other location for recreational activities. On this day, the group had gone to Sykes Community Center gymnasium. Ordinarily, the entire group was transported together on the church’s bus; however, because of mechanical problems with the bus the children had been transported in two groups on a fifteen passenger van.
¶ 4. At the end of the group’s recreation period, Mr. Williams, Ms. Gambs and half of the children boarded the van for the first of the two return trips to the church. Mr. Brown remained at the gym with the rest of the children. As he awaited the return of the van, Mr. Brown stood in the doorway of the gym in order to be able to monitor the children who were still inside the gym as well as those who were on the outside.
¶ 5. While Mr. Brown directed the children inside the gym to the designated waiting area on the outside, Ms. Pauline Slade and her companion, Brent Anderson Ross, walked from the parking lot toward the community center building adjoining the gym. As Slade and Ross approached the community center, fourteen year old Cleotha Nicholas, one of the Faith Works participants, accidentally bumped into Ms. Slade and knocked her to the ground. Ms. Slade suffered a broken hip in this fall.
ISSUE AND ANALYSIS
I.
Whether the trial court erred in granting summary judgment.
¶ 6. This Court, in reviewing the grant of summary judgment applies the same standard required of the trial court pursuant to rule M.R.C.P. 56(c). We review all of the evidence in the record, admissions, answers to interrogatories, depositions etc., and if after having done so, find no material issue of fact or law disputed, are compelled to find the grant of summary judgment to be appropriate. Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996) (citing Mantachie Natural Gas v. Mississippi Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)). In conducting this review, evidence must be viewed in the light most favorable to the party against whom the motion has been made. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997); Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995).
¶ 7. The burden of showing that no genuine issue of material fact exists lies *1079 with the moving party, and we give the benefit of every reasonable doubt to the party against whom summary judgment is sought. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). Motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss.1986).
¶ 8. After a review of the evidence, the trial court held Slade failed to establish a lack of adequate supervision by New Horizon. Even giving Slade the benefit of the doubt, and all reasonable inferences, this Court, like the trial court, is not convinced that a material issue remains in dispute.
¶ 9. Slade has suggested that the absence of a supervisor in the immediate area of the incident raises a disputed issue. She bases this reliance on Summers v. St. Andrew’s Episcopal School, 759 So.2d 1203 (Miss.2000). This Court does not view Summers as supporting Slade’s position.
¶ 10. In the Summers case, the teachers assigned to playground duty were (1) away from the immediate area, (2) located where they could not observe the children and (3) unaware that the incident had occurred.
¶ 11. In the present case, Brown, the supervisor, while not in the immediate vicinity of the incident, was (l)within reasonable proximity of the incident (2) observing the children and (3) aware of the incident. The record clearly establishes supervision of the children by New Horizon. There are no facts offered which indicate that their supervision was inadequate. Nor are there facts offered which suggest that this incident was reasonably foreseeable and preventable by the taking of reasonable precautions. Summers, 759 So.2d at 1212.
¶ 12. By all accounts, the injury to Ms. Slade occurred suddenly and accidentally. There is no indication that had the counselor been standing right beside Cleotha, rather than in the doorway of the gym, that the incident could have been prevented. There is also no suggestion that Cleo-tha, or any other Faith Works participant, had engaged in any type of conduct that would have put New Horizon on notice that the incident could have been reasonably foreseen. Under these circumstances, there is no issue for the jury to resolve on the question of the adequacy of supervision, nor is there any evidence that the injury to Slade was a foreseeable injury proximately related to inadequacy of supervision; therefore, summary judgment was proper.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY GRANTING SUMMARY JUDGMENT FOR THE APPELLEE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur. SOUTHWICK, P.J., not participating.