## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00729-SCT

*KIMBERLY TODD, NATURAL MOTHER AND
NEXT FRIEND OF LILY TODD, A MINOR*

*v.*

*FIRST BAPTIST CHURCH OF WEST POINT*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/27/2007 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD SHANE McLAUGHLIN |
| | MECHELLE NICOLE McLAUGHLIN |
| ATTORNEYS FOR APPELLEE: | WADE G. MANOR |
| | KENNETH TREY O'CAIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/30/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Kimberly Todd ("Todd"), on behalf of her minor daughter, Lily Todd ("Lily"),

appeals the summary judgment of the Clay County Circuit Court in favor of First Baptist

Church of West Point ("First Baptist"), dismissing her tort and breach-of-contract claims

arising from Lily's personal injuries.   Aggrieved, Todd appeals to this Court.  Todd raises

the following issues on appeal:

> **I.      Whether the trial court erred when it granted summary judgment
> in favor of First Baptist, thereby dismissing Todd's negligence**

**action and holding that no genuine issue of material fact exists to support a jury finding for Todd.**

II. **Whether the trial court erred when it granted summary judgment in favor of First Baptist and held that no genuine issue of material fact existed to support Todd's breach of contract claim.**

### FACTS AND PROCEDURAL HISTORY

¶2. On February 3, 2005, while at First Baptist day care and preschool, two-year-old Lily Todd sustained a significant laceration to her face, from her cheek down to her jaw, which injury resulted in pain, suffering, and multiple reconstructive surgeries and left Lily with a permanent scar. The exact circumstances under which Lily was injured are unclear, as no adult witnessed the accident that led to Lily's injuries.

¶3. The record contains testimony by Carolyn Ward, one of the day-care workers, who stated in her deposition that she was talking with a parent who had come to the day care to retrieve her child when she heard Lily cry out. When Ward turned around, Lily was bleeding from the mouth, obviously in need of medical assistance.

¶4. Ward called for help from another day-care teacher, Debbie Fromm, and then called Todd. Lily was rushed to the emergency room in West Point. The hospital staff determined the extent of Lily's injuries was too severe, and the emergency room ill-equipped, to properly treat Lily. Lily was transferred to North Mississippi Medical Center in Tupelo and treated by Dr. Gregory Gaines. Dr. Gaines testified as to the extent of Lily's injuries, which included a complete laceration that cut through the muscle of her face; he performed reconstructive surgery, but Dr. Gaines testified that Lily will have a permanent scar on her face.

¶5.    In addition to the soft-tissue injuries, Lily sustained maxillary trauma, which resulted in two of her teeth being loosened from the socket. A maxillofacial surgeon surgically removed those teeth and fitted Lily with a dental implant.

¶6.    The record contains conflicting testimony as to what happened to cause Lily's injury. Lily recounted to her mother that one of the boys in the day care had "stomped on her face." Dr. Gaines testified that the alveolar ridge fracture (which is a fracture of the upper maxillary region of the mouth) was not consistent with an ordinary trip-and-fall injury, but was consistent with a strong blow to the face, or a hard blow to the head with the head secured. Lily had said she had been lying on a baby bed when she was injured by a boy in her class. Dr. Gaines's testimony is consistent with Lily's statements to her mother.

¶7.    Ward, on the other hand, speculated that Lily had somehow fallen. However, Ward admitted that she did not see the accident.

¶8.    Todd sued First Baptist, which moved for summary judgment. The trial court granted summary judgment in favor of First Baptist. Aggrieved, Todd filed a timely appeal to this Court.

**STANDARD OF REVIEW**

¶9.    This Court reviews a trial court's grant or denial of a motion for summary judgment under a de novo standard. ***Harmon v. Regions Bank***, 961 So. 2d 693, 697 (Miss. 2007) (citing ***McKinley v. Lamar Bank***, 919 So. 2d 918, 925 (Miss. 2005)). There must be no genuine issue of material fact when viewed in the light most favorable to the nonmoving party to sustain an order of summary judgment according to Mississippi Rule of Civil Procedure 56(c). "If any triable issues of material fact exist, the trial court's decision to

3

grant summary judgment will be reversed." ***Harmon***, 961 So. 2d at 697. In situations where there is doubt as to whether a genuine issue of material fact exists, "the trial judge should err on the side of denying the motion and permitting full trial on the merits." ***American Legion Ladnier Post Number 42, Inc. v. Ocean Springs***, 562 So. 2d 103, 106 (Miss. 1990) (citing ***Ratliff v. Ratliff***, 500 So. 2d 981 (Miss. 1986); ***Brown v. McQuinn***, 501 So. 2d 1093, 1095 (Miss. 1986); ***Brown v. Credit Ctr., Inc.***, 444 So. 2d 358, 362 (Miss. 1983)).

## DISCUSSION

I.    **Whether the trial court erred when it granted summary judgment in favor of First Baptist, thereby dismissing Todd's negligence action and holding that no genuine issue of material fact exists to support a jury finding for Todd.**

¶10.    The elements of a prima facie case of negligence are duty, breach, causation, and damages. ***Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc.***, 519 So. 2d 413, 416 (Miss. 1988) (citing ***Burnham v. Tabb***, 508 So. 2d 1072 (Miss. 1987); ***Boyd v. Lynch***, 493 So. 2d 1315 (Miss. 1986); ***Marshall v. Clinic for Women, P.A.***, 490 So. 2d 861 (Miss. 1986)). Duty and breach must be established first. ***Strantz ex rel. Minga v. Pinion***, 652 So. 2d 738, 742 (Miss. 1995). The elements of breach and proximate cause must be established by the plaintiff with supporting evidence. ***Simpson v. Boyd***, 880 So. 2d 1047, 1050 (Miss. 2004). The parties agree that First Baptist owed a duty to Lily and Todd. Therefore, the fact issues of breach and proximate cause to be determined by the jury must be supported by the plaintiff with credible evidence. The record reflects that testimony, when viewed in the light most favorable to Todd, as required by law, could support a jury verdict in favor of Todd. Should the jury find that Ward breached her duty when she did not keep the children in sight

4

for two or three minutes, the jury could reasonably find for Todd. "When doubt exists whether there is a fact issue, the non-moving party gets its benefit." *Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1275 (Miss. 2007) (quoting *Brown v. Credit Ctr., Inc.*, 444 So. 2d at 362).

¶11.    A school is not expected to insure children's safety, but it must exercise the ordinary care of a reasonable person under similar circumstances. *Summers v. St. Andrew's Episcopal Sch.*, 759 So. 2d 1203, 1213 (Miss. 2000) (citing *Levandoski v. Jackson County Sch. Dist.*, 328 So. 2d 339, 342 (Miss. 1976) (further citing 38 A.L.R. 3d 830, 834 (1971)). In *Summers*, a five-year-old girl was accosted by a group of children on the playground. *Summers*, 759 So. 2d at 1215. Several children held the girl down, removed her clothing, exposed her private areas, and touched her against her will. *Id.*

¶12.    The teachers at St. Andrews were accused of not adequately supervising the plaintiff's daughter because they had their backs to the children at the time of the incident. *Id.* at 1213. This Court held that the issue was "whether the plaintiffs have sufficiently demonstrated that the cause of injury was a failure by the teacher." *Id.* at 1214. We held that the adequacy of the supervision provided by the teachers was a fact question that must be weighed by a jury; we reversed summary judgment and remanded for a trial on the merits. *Id.* at 1216.

¶13.    First Baptist argues that the present case is more analogous to *Slade v. New Horizon Ministries, Inc.*, 785 So. 2d 1077 (Miss. Ct. App. 2001). In *Slade*, the plaintiff was injured when she was pushed by a fourteen-year-old as she walked into the community center. The Court of Appeals affirmed the trial court's summary judgment and distinguished the facts in *Slade* from those in *Summers*, noting that in *Slade*, "the supervisor was . . . observing the

5

children and . . . aware of the incident." *Id.* at 1079. Further, in *Slade*, the Court of Appeals noted that the plaintiff had not produced any facts that the supervision was inadequate. *Id.* Thus, in *Slade*, there was no issue of material fact for a jury to weigh.

¶14.    Here, we also distinguish *Slade* from *Summers* and the present case. Ward admitted that she had her back to Lily at the time of the incident and did not see how Lily was injured. In *Summers*, the teachers also had their backs to the plaintiff and did not observe the molestation. *Summers*, 759 So. 2d at 1215. While the time frame during which the teachers at St. Andrews failed to supervise the plaintiff's daughter in *Summers* was longer, the injured child was several years older. A jury must decide what constitutes proper and adequate supervision for a two-year-old child. Therefore, whether or not Ward met the appropriate standard of care required for a two-year-old child must be determined by a jury.

¶15.    The trial court, in its order granting summary judgment, held that no genuine issue of material fact existed. We disagree. In our review of summary judgment, we must assume that Lily's statements and Dr. Gaines's testimony are true. Our law is well-settled on this point; if there is error at the trial level, it must be resolved in favor of proceeding to a trial to enable the jury to weigh any evidence. *Glover*, 968 So. 2d at 1275. This Court must take as true the evidence presented by Todd that Ward breached her duty when she left the children unsupervised for several minutes, and that such breach was the proximate cause of Lily's injuries. When viewed in the light most favorable to the nonmoving party, Todd, we find that summary judgment was improper and must be reversed as a matter of law.

> II.    **Whether the trial court erred when it granted summary judgment in favor of First Baptist and held that no genuine issue of material fact existed to support Todd's breach of contract claim.**

6

¶16.    Both parties have stipulated that a valid contract existed between Todd and First Baptist for the care and supervision of Lily.  Therefore, the issue of breach of contract is inexorably tied to the negligence action.  We hold that summary judgment was improper, as credible evidence has been presented by Todd to support a jury finding of negligence on the part of First Baptist.  That being the case, the issue of breach of contract survives as well and must be adjudicated on the merits.

## CONCLUSION

¶17.    For the reasons stated above, we find that the trial court erred in granting First Baptist's motion for summary judgment.  Therefore, we reverse the trial court's judgment and remand this case for a trial on the merits.

¶18.    **REVERSED AND REMANDED.**

**WALLER AND DIAZ, P.JJ., CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR.  EASLEY AND DICKINSON, JJ., NOT PARTICIPATING.**