DICKINSON, Presiding Justice,
concurring in part and in result:
¶ 47. While I join the plurality’s conclusion that Smith’s claims implicate a statutorily imposed ministerial duty not provided immunity under the Mississippi Tort Claims Act, I believe this plurality opinion and past majority opinions have described that ministerial duty with language exceeding the bounds of the duty actually imposed by Mississippi Code Section 37-9-69. I also believe that Sections 37-11-67 and 37-11-69 impose no ministerial duty relevant to Smith’s claims. So I concur in part and in result.

The School’s Duty Under Section 37-9-69

¶ 48. Mississippi Code Section 37-9-69 states:
It shall be the duty of each superintendent, principal and teacher in the public schools of this state to enforce in the schools the courses of study prescribed by law or by the state board of education, to comply with the law in distribution and use of free textbooks, and to observe and enforce the statutes, rules and regulations prescribed for the operation of schools. Such superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess.[12]
*785 ¶ 49. Today’s plurality joins past majority opinions in holding that this statute requires schools “to provide a safe school environment for students.”[13] Two years ago, in Moss Point School District v. Stennis, this Court stated that “[t]his Court has recognized that Section 37-9-69 creates a ministerial duty wherein ‘public schools have the responsibility to use ordinary care and to take reasonable steps to minimize foreseeable risks to students thereby providing a safe school environment.’ ”[14] That decision relied on L.W. v. McComb Separate School District, where this Court discussed Section 37-9-69’s application to Tort Claims Act immunity in a similar case involving an assault by one student against another.[15]
¶ 50. There, after quoting the statutory language of Section 37-9-69, the Court cited Mississippi’s compulsory, attendance law and reasoned that “[s]ince the state requires all children to be enrolled in school, it only seems logical that the state should then require school personnel to use ordinary care in administering our public schools.”[16]
¶ 51. In other words, it is this Court’s misreading of the statute and faulty logic, rather than Mississippi Code Section 37-9-69, that has imposed a ministerial duty to keep students and campuses safe. Section 37-9-69 imposes no duty other than to “hold the pupils to strict account for disorderly conduct.” That is the duty at issue in this case, and it precludes summary judgment based on discretionary-function immunity.
¶ 52. Smith claims that the school faded to take appropriate action to punish Luck-ett’s past bullying behavior, and that the failure to do so proximately cause the injuries she suffered during Luckett’s latest act of bullying. For breaches of that duty, the school district enjoys no discretionary-function immunity. Because the plaintiff claims the school failed to carry out its ministerial duty to hold Luckett to strict account for her past disorderly conduct, discretionary immunity does not apply.

Mississippi’s Antibullying Statutes

¶ 53. I agree with the plurality’s analysis that Section 37-11-69’s requirement that schools “adopt procedures for reporting, investigating and addressing” bullying in no way provides immunity for the school’s failure to hold students to strict account for disorderly conduct under Section 37-9-69.[17] But, I do not join the plurality insofar as it holds that Mississippi’s Antibullying Statutes impose a ministerial duty to prevent bullying.
¶ 54. Mississippi Code Section 37-11-67 says that no student shall be bullied and obligates school personnel to report bullying that has occurred, but says nothing of the school’s obligation to ensure any particular result.[18] Likewise, Section 37-11-69 states that schools must prohibit bullying — which indisputably occurred in this case.[19] But no statute has placed the exacting burden upon schools to prevent all *786 bullying. Rather, it appears the Legislature has seen fit to obligate schools to enact rules against bullying, and to punish violations of those rules strictly, in hopes that this will deter future acts of bullying, rather than making schools strictly liable for any bullying -that occurs on campus.
¶ 55. So, while I agree' that Smith’s claims should survive summary judgment based on her claim that the school failed to fulfill a ministerial duty — -its obligation under Section 37-9-69 to hold students to strict account for disorderly conduct — I do not believe that this duty is derived from Mississippi’s Antibullying Statutes.
COLEMAN, J., JOINS THIS OPINION. LAMAR, J., JOINS THIS OPINION IN PART.

. Miss.Code Ann. § 37-9-69 (Rev.2013).

. Plur. Op. at ¶ 14.

. Moss Point Sch. Dist. v. Stennis, 132 So.3d 1047, 1050 (Miss.2014) (quoting Henderson v. Simpson Cty. Pub. Sch. Dist., 847 So.2d 856, 857 (Miss.2003) (quoting L.W. v. McComb Separate Sch. Dist., 754 So.2d 1136, 1143 (Miss.1999))).

. L.W., 754 So.2d at 1137, 1142, overruled on other grounds by Miss. Transp. Comm'n v. Montgomery, 80 So.3d 789 (Miss.2012).

. L.W., 754 So.2d at 1142.

. Miss.Code Ann. § 37-9-69 (Rev.2013).

. Miss.Code Ann. § 37-11-67 (Rev.2013).

. Miss.Code Ann. § 37-11-69 (Rev.2013).