BEAM, JUSTICE, FOR THE COURT:
¶1. Sonya Chaffee, on behalf of her minor child, Fredrick Latham, Jr., sued the Jackson Public School District; Lonnie J. Edwards, the School District superintendent in his official capacity; and Jackson Public Schools Board of Trustees (collectively, "the School District") on November 16, 2010, alleging negligence and res ipsa loquitur. The School District answered on March 3, 2011, raising as an affirmative defense sovereign immunity under the Mississippi Tort Claims Act ("MTCA"). After engaging in discovery, the School District filed its motion for summary judgment on March 1, 2016, which the Hinds County Circuit Court granted.
¶2. Aggrieved, Chaffee appeals. Finding no reversible error, this Court affirms.
FACTS AND PROCEDURAL HISTORY
¶3. On February 8, 2010, Fredrick was a student in Tracy Scott's first grade class at Woodville Heights Elementary School. While Scott was standing at the front of the classroom readying the students for lunch, Fredrick and another boy got out of line and ran to the back of the classroom to use the single restroom. Bernice Anderson, Scott's teaching assistant, was present at her desk in the back of the classroom nearer the restroom.
¶4. Fredrick was injured when his hand slipped off the door and his finger got caught in the crack of the door as the other boy was closing it. After hearing a student scream that Fredrick had smashed his finger, Scott went to the back of the classroom, wrapped Fredrick's finger in papers towels, and took him to the principal's office. Fredrick's mother was called, and he was taken by ambulance to the University of Mississippi Medical Center. Dr. Michael Angel performed surgery to reattach Fredrick's fingertip using a skin graft.
¶5. On November 16, 2010, Chaffee filed suit in the Hinds County Circuit Court asserting claims of negligence and res ipsa loquitur. The School District filed its answer and defenses on March 3, 2011. The parties engaged in discovery and agreed to a scheduling order, which was entered in October 2015. On March 1, 2016, the School District filed its motion for summary judgment. Chaffee filed her response, and the School District filed its rebuttal.
¶6. On September 25, 2017, a hearing was held on the summary-judgment motion. The trial court ruled,
In this instance after review of the pleadings, I don't believe and in my opinion there was a genuine issue of material fact as to whether the children were supervised and I believe that's the standard. The parties agree there were two adults in a supervisory capacity in the room which I believe is what the law as mandate and school policy requires. Some kids violated that. I'm not sure what the school district or the teacher or the administrative assistant could have done differently other than what they did for this aberrant injury in the bathroom.
*907 ¶7. The trial court later entered an order on November 29, 2017, stating,
Defendants provided adequate supervision .... Ms. Scott was in the front of the classroom, and Ms. Anderson was in the back of the classroom. The restroom is located in the back of the classroom. Ms. Scott instructed the students to form a line so they could go to lunch. The Plaintiff and another student ran to the back of the classroom to go to the restroom, there was no dispute between that [sic] parties that Ms. Scott instructed all students to get in a line. Therefore, the Court finds that no genuine issue of material fact has been shown to establish that the Defendants were negligent in failing to supervise the plaintiff.
¶8. As a result, Chaffee raises the following issues on appeal:
I. Whether the School District failed to pursue an affirmative defense of immunity pursuant to the discretionary function exemption of the MTCA and thereby waived any rights to this defense.
II. Whether the circuit court erred in granting the School District summary judgment as a matter of law.
¶9. This Court finds the first issue of waiver of the affirmative defense to be moot because the lower court did not make a finding on the applicability of the discretionary-function exemption. Accordingly, this Court limits its review solely to the motion for summary judgment regarding Chaffee's negligence claim against the School District.
LAW AND ANALYSIS
I. Whether the trial court erred in granting summary judgment to the School District.
¶10. After a review of the evidence, the trial court held that Chaffee failed to establish that the School District was negligent in failing to supervise its students. "The elements of a prima facie case of negligence are duty, breach, causation, and damages." Todd v. First Baptist Church of West Point , 993 So.2d 827, 829 (Miss. 2008) (citing Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc. , 519 So.2d 413, 416 (Miss. 1988) ). "Duty and breach must be established first." Id. (citing Strantz ex rel. Minga v. Pinion , 652 So.2d 738, 742 (Miss. 1995) ). "The elements of breach and proximate cause must be established by the plaintiff with supporting evidence." Id. (citing Simpson v. Boyd , 880 So.2d 1047, 1050 (Miss. 2004) ).
This Court reviews a trial court's grant or denial of a motion for summary judgment under a de novo standard. Harmon v. Regions Bank , 961 So.2d 693, 697 (Miss. 2007) (citing McKinley v. Lamar Bank , 919 So.2d 918, 925 (Miss. 2005) ). There must be no genuine issue of material fact when viewed in the light most favorable to the nonmoving party to sustain an order of summary judgment according to Mississippi Rule of Civil Procedure 56(c). "If any triable issues of material fact exist, the trial court's decision to grant summary judgment will be reversed." Harmon , 961 So.2d at 697. In situations where there is doubt as to whether a genuine issue of material fact exists, "the trial judge should err on the side of denying the motion and permitting full trial on the merits." American Legion Ladnier Post Number 42, Inc. v. Ocean Springs , 562 So.2d 103, 106 (Miss. 1990) (citing Ratliff v. Ratliff , 500 So.2d 981 (Miss. 1986) ; Brown v. McQuinn , 501 So.2d 1093, 1095 (Miss. 1986) ; Brown v. Credit Ctr., Inc. , 444 So.2d 358, 362 (Miss. 1983) ).
Todd , 993 So.2d at 829.
¶11. "[P]ublic schools have the responsibility to use ordinary care and to *908 take reasonable steps to minimize foreseeable risks to students thereby providing a safe school environment." Henderson ex rel. Henderson v. Simpson Cty. Pub. Sch. Dist. , 847 So.2d 856, 857 (Miss. 2003) (quoting L.W. v. McComb Separate Mun. Sch. Dist. , 754 So.2d 1136, 1143 (Miss. 1999), overruled on other grounds by Miss. Transp. Comm'n v. Montgomery , 80 So.3d 789, 797 (Miss. 2012) ).
¶12. The question is whether Chaffee produced sufficient evidence that the teachers breached the duty of ordinary care and thus caused Fredrick's injuries. Chaffee argues that the School District failed to supervise its students during lunch and bathroom breaks because Scott had not followed the usual procedure for restroom use on the day of the incident. Both parties concede that the classroom policy for restroom use allowed only one student to enter the restroom at a time, although the students were allowed to wait outside the restroom in a line.[1]
¶13. On the day in question, Scott testified she was standing in the front of the classroom, readying the students for lunch, telling them to put away their books, and calling their tables group by group to line up. Fredrick concedes these facts.
¶14. Scott testified that when she began calling the groups to line up for lunch, a student asked to go to the restroom. While Scott acknowledged that it was not restroom time, she allowed that student to go to the restroom. Meanwhile, Fredrick and another student also ran to the back of the classroom. Scott stated that she had told Fredrick and the other students that they did not have permission to go to the back of the classroom, and she called for them to come back in line, which they did not do.
¶15. Although Fredrick testified that Scott had told the students that whoever needed to use the restroom should line up in the back of the classroom, it is undisputed that Scott was actively supervising the students and giving them directions about whether to line up in the front of the classroom or the back. Scott testified that she could see the restroom from where she was standing in the front of the classroom and that she was giving directions to the students to come back to the line.
¶16. Chaffee alleges that Scott was not adequately supervising the students because she did not see Fredrick smash his hand. While it is true that Fredrick's back was facing her, Scott acknowledged that her teaching assistant was in the back of the classroom nearer the restroom.
¶17. According to Chaffee, Fredrick's injuries were foreseeable based on the established classroom rule that only one child should be sent to the restroom at a time. In the recommendations portion of the accident form that Scott executed and signed, she failed to mention that Fredrick had not followed directions, but she did state that she would no longer allow students to line up outside the restroom. Like the trial court, we do not accept Chaffee's argument that adequate supervision can only be measured against the adherence to or failure to adhere to bathroom-use ordinary practices.
¶18. The School District maintains that because Scott was in the direct act of supervising the students, the School District cannot be held liable for an injury caused by one student to another. The *909 School District asserts and this Court agrees that, even if Scott and Anderson were standing directly next to Fredrick at the time of the incident, it was not foreseeable that his hand would slip and that the teachers would have been able to prevent his injury.
¶19. Chaffee relies on the Court's ruling in Summers v. St. Andrew's Episcopal School , in which this Court reversed the grant of summary judgment to the school because an issue of fact existed about whether the teachers were supervising the children at the time of the incident and whether they could have prevented the incident. Summers v. St. Andrew's Episcopal Sch. , 759 So.2d 1203, 1214 (Miss. 2000). But Summers is dissimilar from this case and does not support Chaffee's argument.
¶20. "In the Summers case, the teachers assigned to playground duty were (1) away from the immediate area, (2) located where they could not observe the children and (3) unaware that the incident had occurred." Slade v. New Horizon Ministries, Inc. , 785 So.2d 1077, 1079 (Miss. Ct. App. 2001). Further, in Summers , the student had described other incidents to her teacher that "constituted notice and warning of the potential for future altercations ...." Summers , 759 So.2d at 1214 (citing Lang v. Bay St. Louis/Waveland Sch. Dist. , 764 So.2d 1234, 1237 (Miss. 1999) ).
¶21. Here, "[t]he record clearly establishes supervision of the children by [the teachers for the School District]. There are no facts offered which indicate that their supervision was inadequate. Nor are there facts offered which suggest that this incident was reasonably foreseeable and preventable by the taking of reasonable precautions." Slade , 785 So.2d at 1079 (citing Summers , 759 So.2d at 1212 ). "By all accounts, the injury to [Fredrick] occurred suddenly and accidentally." Id.
¶22. Even viewing the evidence in a light most favorable to Chaffee, this Court, like the trial court, finds that two teachers were in the classroom at the time of the incident and that no dangerous circumstances existed to have warranted additional supervision. Scott was in the front of the classroom and could see the restroom, and Anderson was in the back of the classroom nearer the restroom. Scott was actively giving directions to the students to line up in the front of the classroom for lunch or in the back of the classroom to use the restroom. "(A)bsent special, dangerous circumstances, a school district does not have the duty of providing constant supervision of all movements of pupils at all times." Levandoski v. Jackson Cty. Sch. Dist. , 328 So.2d 339, 341-42 (Miss. 1976) (alteration in original) (quoting 38 A.L.R. 3d 830, 842 (1971) ).
¶23. As the trial judge stated in his ruling, "I'm not sure what the school district or the teacher or the administrative assistant could have done differently other than what they did for this aberrant injury in the bathroom." "Under these circumstances, there is no issue for the jury to resolve on the question of the adequacy of supervision, nor is there any evidence that the injury to [Fredrick] was a foreseeable injury proximately related to inadequacy of supervision; therefore, summary judgment was proper." Slade , 785 So.2d at 1079
CONCLUSION
¶24. This Court finds that the trial court did not err in granting summary judgment to the School District. Taking Fredrick at his word, his injury occurred because his hand slipped in the mere seconds between one student's opening the restroom door and then closing it. Even if the teaching staff had been staring directly at Fredrick, or standing directly beside him, there was *910 no way to predict that Fredrick's hand would slip. The School District, which took reasonable steps to appreciate various risks, is not liable for Fredrick's injuries.
¶25. AFFIRMED.
RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.

The restroom in the classroom is designed for use by one person. While the record is not clear about whether the students could line up outside the restroom, the principal acknowledged that they could because a sink is in the rear of the classroom. When the children were seated, they were required ask permission of the teacher to go to the restroom. One student at a time was allowed to go.