823 F.2d 553
 127 L.R.R.M. (BNA) 2736
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert W. KILROY; American Commercial Barge Line Company,
Plaintiffs-Appellees,
v.
NATIONAL LABOR RELATIONS BOARD; Donald Dotson, Patricia Diaz
Dennis, Wilford W. Johansen, Marshal C. Babson, James M.
Stevens, as members of the Board; Rosemary M. Collyer, Emil
C. Farkas and Mary M. Shanklin, Defendants-Appellants.
 No. 86-3033
 United States Court of Appeals, Sixth Circuit.
 July 15, 1987.
 
 Before RYAN, BOGGS and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal involves the fifth exemption of the Freedom of Information Act, 5 U.S.C. Sec. 552(b)(5). The NLRB contends that the district court erred in requiring that certain documents, descriptively entitled 'charging party statements,' be released at plaintiffs' request. We agree with the district court that because these statements are not inter-agency documents, they are not entitled to nondisclosure.
 
 I.
 
 2
 Initially, plaintiffs sought disclosure of the charging party statements, letters of dismissal in the absence of withdrawal, and any memoranda pertaining to fifty-nine unfair labor practice cases. All of the cases in question are closed. The NLRB released the 'formal' documents in the files, but withheld the charging party statements. Plaintiffs are seeking these statements for the purpose of showing that the NLRB has treated them disparately in the processing of unfair labor charges and to propose legislation to Congress to correct this abuse.
 
 
 3
 After exhausting their administrative remedies, plaintiffs filed suit in federal district court seeking disclosure under the Freedom of Information Act. The district court held that the statements were not entitled to nondisclosure pursuant to the fifth exemption. The district court made two findings that are challenged in this appeal. First, the court found that the charging party statements are not generated by agency employees, but by private parties with no formal relationship to the agency. Therefore, the court concluded that these statements are not inter-agency or intra-agency documents within the meaning of the fifth exemption. Second, the court found that the statements are not involved in the NLRB's deliberative process and did not constitute attorney work product. Hence, they do not qualify for either of the common-law privileges encompassed by the fifth exemption claimed applicable in this case. Because we agree that charging party statements are not inter-agency or intra-agency documents, we have no occasion to discuss the second finding.
 
 II.
 
 4
 The Freedom of Information Act is broadly conceived and provides for disclosure of official information 'long-shielded unnecessarily from public view.' EPA v. Mink, 410 U.S. 73, 80 (1973). The Act creates nine categories of exempt information and the burden of proving that a certain document is within a certain exemption is upon the party seeking nondisclosure. Department of Air Force v. Rose, 425 U.S. 352, 361, 366 (1976). By express provision the fifth exemption only permits nondisclosure of
 
 
 5
 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;'
 
 
 6
 5 U.S.C. Sec. 552(b)(5). Thus, once it is determined that inter-agency or intra-agency documents are involved, the fifth exemption 'withholds from a member of the public documents which a private party could not discover in litigation with the agency.' NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 148 (1975). Accord Van Bourg, Allen, Weinberg & Roger v. NLRB, 751 F.2d 982, 985 (9th Cir. 1985).
 
 
 7
 The NLRB argues that charging party statements are inter-agency documents because they are an integral part of its investigative process. It emphasizes that under the procedure for bringing unfair labor practice charges against an employer, it cannot act unless and until a private party charges an employer with an unfair labor practice. Once a charge is made, the General Counsel will take a statement and may investigate the matter. Finally, a recommendation is made to the Regional Director who ultimately decides whether a complaint will issue. The NLRB argues that because the Board ordinarily must rely upon private charging parties to initiate a complaint, their statements are entitled to nondisclosure under the fifth exemption.
 
 
 8
 In United States v. Weber Aircraft Corp., 465 U.S. 792 (1984), the Supreme Court expressly reserved interpreting the meaning of the phrase 'inter-agency or intra-agency documents' under the fifth exemption. The documents in Weber Aircraft consisted of statements made by Air Force personnel to Air Force personnel strictly for Air Force purposes. Thus, there was no question regarding their status for exemption as intra-agency documents. Id. at 798 n. 13.
 
 
 9
 However, in Van Bourg, the Ninth Circuit held that documents submitted by private parties are not within the fifth exemption. 751 F.2d at 985. There, in the course of an unfair labor practice investigation, the NLRB collected affidavits from non-agency personnel 'describing union practices, officials, and members.' Id. at 984. See also Poss v. NLRB, 565 F.2d 654, 659 (10th Cir. 1977). The court concluded:
 
 
 10
 'Because these documents are not internal, Weber does not apply. We need not decide whether any civil discovery privileges would protect these documents because exemption 5 by its terms applies only to internal agency documents or documents prepared by outsiders who have a formal relationship with the agency.'
 
 
 11
 Id. at 985. We find this reasoning persuasive.
 
 
 12
 The district court's judgment is AFFIRMED.