# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00453-SCT

*MARTHA M. HARMON AND JAMES V. HARMON*

*v.*

*REGIONS BANK*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/19/2005 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | REX F. SANDERSON |
| ATTORNEYS FOR APPELLEE: | L. BRADLEY DILLARD |
| | R. BRANNON KAHLSTORF |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 06/07/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.

### DICKINSON, JUSTICE, FOR THE COURT:

¶1.	This case is before the Court on appeal from the Circuit Court for the First Judicial District of Chickasaw County, Mississippi, by the Plaintiffs, Martha M. Harmon and James V. Harmon ("the Harmons"). The Circuit Court entered summary judgment in favor of the Defendant, Regions Bank. The Plaintiffs filed a Motion to Reconsider the Entry of Summary Judgment and a Motion for Authority to File Amended Complaint, which were denied by the Circuit Court. Aggrieved by the Court's Order Denying the Motion to Reconsider Summary Judgment and Motion to Amend, the Harmons timely filed their Notice of Appeal.

¶2.	The Harmons raise three issues on appeal. First, the Harmons allege that the Circuit Court erred in deciding that the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et.*

*seq.*, preempted their state law cause of action for harassment and defamation of their credit reputation. Second, the Harmons argue that the Circuit Court erred in failing to make findings of fact regarding the preemption issue. Third, the Harmons assert that the Circuit Court erred in denying their Motion to Amend their Complaint. While the first issue is dispositive here, each of these issues are addressed in the discussion below.

## STATEMENT OF THE FACTS AND PROCEEDINGS

¶3. James and Martha Harmon executed a loan secured by their home on February 14, 1992, with Sunburst Bank in the amount of $35,210.00. Thereafter, the Harmons applied for and received a mortgage loan with Union Planters Bank on February 2, 1998, for the sum of $66,551.50. On November 26, 2001, the Harmons paid in full the loans made by Sunburst and Union Planters Bank and properly executed and filed the satisfaction of the deeds of trust. Sometime thereafter, Sunburst Bank and Union Planters Bank merged and were consolidated into Regions Bank.[1]

¶4. According to the Harmons, after payment in full of the loan, Regions Bank began a "course of harassment" by telephone and letters demanding payment on the loan which had already been paid in full. Regions Bank ultimately made reports to credit reporting companies claiming that the Harmons' payments were in arrears.

¶5. According to the Harmons, in February of 2002, they received a delinquency notice from Regions Bank Mortgage printed on pink paper. Believing it to be a mistake, they discarded the notice. On March 1, 2002, upon receipt of a second delinquency notice,

---

[1]For purposes of clarity and consistency, "Regions Bank" is used to refer to all parties and actions taken as part of this litigation by Union Planters, Sunburst and Regions Banks.

Martha contacted the local Regions Bank, which told her not to be concerned because the loans were paid. Subsequently, Martha was denied a business loan from another financial institution because, as the loan officer told her, her credit report contained a notice that the Harmons' home was in foreclosure.

¶6.    Martha Harmon asserts that she then contacted a local Regions Bank employee who told her there was nothing Regions could do to clear up her credit report. Thereafter, the Harmons began receiving phone calls at their home and at work from local Regions Bank branches regarding money owed, offering settlement and informing them of the recent "foreclosure" of their home.

¶7.    By letter dated September 1, 2002, the Harmons received notice that their loan was paid in full. Additionally, Regions Bank sent to a Regions Mortgage employee on October 18, 2002, a letter directing her to notify various credit reporting agencies to remove the delinquencies reported and to show that the loan was paid in full as of November 21, 2001.

¶8.    The Harmons filed suit against Regions Bank on July 1, 2003, in the Circuit Court of the First Judicial District of Chickasaw County, Mississippi. Regions Bank denied all liability and filed a Motion for Summary Judgment on July 22, 2005.[2] On September 1, 2005, during the hearing on Regions Bank's Motion for Summary Judgment, the Harmons made a verbal motion to amend the complaint. The trial judge granted such motion, stating that he would allow the Harmons an opportunity to file a written Motion to Amend as long as it was filed before entry of final judgment. The Harmons failed to file a written motion

_____

[2]Regions Bank was substituted as the party defendant in this case by Order dated September 19, 2005, upon notification that Sunburst Bank and Union Planters Bank had merged with Regions Bank.

3

to amend, and final judgment was entered on September 19, 2005. On September 26, 2005, the Harmons filed a Motion to Reconsider Summary Judgment and a Motion for Authority to File Amended Complaint. These Motions were denied by the Circuit Court and the Harmons bring these issues for disposition.

## ANALYSIS

¶9.     The issues before this Court are as follows: (1) whether the trial court erred in finding the Fair Credit Reporting Act preempts state law claims of defamation and harassment; (2) whether the trial court erred in failing to make sufficient findings of fact; and (3) whether the trial court erred in denying the Harmons' Motion to Amend their Complaint.

### I.     Whether the Circuit Court erred in holding that the Fair Credit Reporting Act preempts common law claims

¶10.     The Court applies a *de novo* standard of review to a trial court's grant or denial of a motion for summary judgment. ***McKinley v. Lamar Bank***, 919 So. 2d 918, 925 (Miss. 2005). Our rules of civil procedure require the trial court to grant summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The facts are viewed in the light most favorable to the nonmoving party, with the movant bearing the burden of demonstrating that no genuine issues of material fact exist for presentation to the trier of fact. ***Hardy v. Brock***, 826 So. 2d 71, 74 (Miss. 2002). However, the party opposing the motion must be diligent and "may not rest upon the mere allegations or denials of the pleadings, but instead the response must set forth specific facts showing that there is a

genuine issue of material fact for trial." ***Harrison v. Chandler-Sampson Ins., Inc.***, 891 So. 2d 224, 228 (Miss. 2005) (citing ***Miller v. Meeks***, 762 So. 2d 302, 304 (Miss. 2000)). If any triable issues of material fact exist, the trial court's decision to grant summary judgment will be reversed.

¶11. This Court has held that preemption is proper in three circumstances: (1) where Congress explicitly preempts state law; (2) where preemption is implied because Congress has occupied the entire field; or (3) where preemption is implied because there is an actual conflict between federal and state law. ***Cooper v. GMC***, 702 So. 2d 428, 434 (Miss. 1997) (citing ***English v. General Elec. Co.***, 496 U.S. 72, 78-9, 110 L. Ed. 2d 65, 110 S. Ct. 2270 (1990)). Here, the federal Fair Credit Reporting Act applies to these claims and explicitly preempts certain state law claims.

¶12. The federal Fair Credit Reporting Act ("FCRA") was enacted to insure that consumer credit reporting agencies were "exercis[ing] their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681. This Act mandates that consumer reporting agencies engage in fair and reasonable practices in investigating and evaluating the creditworthiness and credit standing of consumers.

¶13. Regions Bank qualifies as an entity that furnishes information to consumer reporting agencies and its actions are therefore covered by this Act. *See* 15 U.S.C. § 1681h (e) (applying specific provision to furnishers of credit information); *also* ***Mitchell v. First Nat'l Bank***, 505 F. Supp. 176, 177 (M.D. Ala. 1981) (noting that a bank which did no more than furnish information to a consumer reporting agency was not itself a consumer reporting agency but did qualify under the FCRA).

5

¶14. The FCRA includes two preemption provisions, the first of which is relevant in this case and states, in pertinent part:

> Except as provided in Sections 1681n and 1681o,[3] no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to [Sections 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (footnote added).[4]

¶15. The tort list of § 1681h(e) is non-exhaustive and includes state law claims itemized and "in the nature" of those listed. ***Carlson v. Trans Union, LLC***, 259 F. Supp. 2d 517, 521 (N.D. Tex. 2003). Defamation as a cause of action is specifically enumerated by § 1681h(e). This Court adopted the definition of "invasion of privacy" as occurring "when disclosure would subject a person to embarrassment, harassment, physical danger, disgrace, or loss of employment or friends." ***Mississippi Dep't Of Wildlife, Fisheries & Parks v. Mississippi***

---

[3]These exceptions are not applicable here as they apply to willful and negligent noncompliance with the statute. Since the Harmons did not bring this action under the Fair Credit Reporting Act, they are not bound by the liability limitations encompassed in those sections.

[4]Regions Bank alternatively asserts that these claims may be preempted under § 1681t(b)(1)(F). That sections provides:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies.

Section 1681s-2 has a temporal aspect and outlines duties of furnishers of information *after* actual knowledge of the reporting of false information can be established. As this claim was instituted based on facts arising before notice was given to Regions Bank and § 1681h(e) specifically covers tort claims in its provisions, it is the correct provision for analysis.

6

***Wildlife Enforcement Officers' Ass'n***, 740 So. 2d 925, 936 (Miss. 1999) (citing ***State ex rel.***

***Petty v. Wurst***, 550 N.E.2d 214, 216 (Ohio Ct. App. 1989) (quoting ***Kilroy v. NLRB***, 633 F.

Supp. 136, 143 (S.D. Ohio 1985) *aff'd* 823 F.2d 553 (6th Cir. 1987))).  Thus, the Harmons'

harassment claim is closely affiliated with and can be deemed "in the nature of" an invasion

of privacy claim.  Therefore, both claims fit within the FCRA preemption provision.

¶16.    The Harmons claim they are excluded from preemption as their claim fits under the

last line of § 1681h(e).[5]  At issue is whether the Harmons put forth any evidence that the

conduct of Regions Bank was performed with malice or a willful intent to injure them.  We

find that they did not.

¶17.    Although the FCRA does not define malice, the Fifth Circuit has previously applied

the common law standard for malice when both parties agreed to such application. *See*

***Cousin v. Trans Union Corp.***, 246 F.3d 359, 375 (5th Cir. 2001) (requiring the plaintiff to

show that "the defendant when he published the words  (1) either knew they were false, or

(2) published them in reckless disregard of whether they were true or not"). While neither

party in this case agreed to the use of the common law standard, neither mentioned a standard

to be used nor did they address any standard in their briefs. Thus, we believe the common

law standard for malice should be used to determine whether the Harmons alleged facts

sufficient to withstand summary judgment.[6]

---

[5]The Harmons cite ***Am. Bankers Ass'n v. Gould***, 412 F.3d 1081 (9th Cir. 2005), as their sole authority that the claims are not preempted.  Other than mentioning FCRA preemption, that case is not helpful or dispositive here.

[6]The Fifth Circuit has also used the ***New York Times Co. v. Sullivan*** standard that a statement is made with actual malice if it was made "with knowledge that it was false or with

¶18.   Malice, in its legal sense, means a wrongful act done intentionally, without just cause or excuse. *Memphis Steam Laundry-Cleaners, Inc. v. Lindsey*, 192 Miss. 224, 237-38, 5 So. 2d 227, 231 (1941).  Malice in law is not necessarily personal hate or ill will, but it is "the intent, without justification or excuse, to commit a wrongful act." Black's Law Dictionary 976 (8th ed. 2004). Malice is usually shown by circumstantial evidence and may be inferred from the fact that a defendant may have acted with reckless disregard for a plaintiff's rights. *Strong v. Nicholson*, 580 So. 2d 1288, 1293 (Miss. 1991). Because malice is a jury question, *Owens v. Kroger Co.*, 430 So. 2d 843 (Miss. 1983), summary judgment is improper "unless only one conclusion may reasonably be drawn from the evidence." *Brown v. Watkins,* 213 Miss. 365, 373, 56 So. 2d 888, 891 (1952).

¶19.   The Harmons' Complaint, filed July 1, 2003, outlines the facts surrounding their loan history but never alleges malicious conduct on the part of Regions Bank.  Regions Bank first asserted the preemption defense in its answer and then again by its Motion for Summary Judgment filed on July 22, 2005.  The Harmons filed an amended complaint on July 14, 2005, adding Regions Bank as a party defendant but never inserted evidence or allegations of bad faith or malice even after notice of preemption.  In their Response to Motion for Summary Judgment, the Harmons stated that "the Defendants have acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of

---

reckless disregard of whether it was false or not" when requested. 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). *See Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006) (applying *New York Times* standard to FCRA preemption case).

others, or committed actual fraud against the Plaintiffs." However, no evidence of willful intent or malice on the part of Regions Bank was presented.

¶20. Most indicative of their failure to plead malice, the Harmons' Motion to Reconsider Summary Judgment focuses on Regions Bank's false reporting, stating that "[t]he Defendant's reporting of false information on the credit history of the Plaintiffs is the basis of this case." While the Harmons sufficiently pled that the information provided by Regions Bank was false as required under § 1681h(e), they failed to address whether such information was "furnished with malice or willful intent to injure."

¶21. Under Mississippi's civil procedure rules, it is the plaintiff's responsibility to plead fraud with particularity and present facts which would show malice in order to escape disposition on summary judgment. *See* Miss. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). In the case *sub judice*, no material facts were presented that called into question whether Regions Bank acted with malice in addressing the Harmons or reporting the false information.

¶22. The reporting of false information is obvious; however, the Harmons have not shown, proved or pled that the information was false due to malicious or willful intent to defame their reputations. Therefore, the Harmons' defamation and harassment claims are preempted by § 1681h(e) of the Fair Credit Reporting Act.

## II. Whether the Circuit Court erred in failing to make sufficient findings of fact

9

¶23. The Harmons assert that the trial court failed to make findings of fact in that the trial judge did not address the reasons why their claim did not fall within the exception to preemption in the FCRA. This issue is without merit.

¶24. The Harmons assert no authority for the proposition that findings of fact are necessary other than calling attention to the trial judge's explanation that because this Court reviewed *de novo*, he would not make Rule 52 findings of fact. However, Rule 52 of the Mississippi Rules of Civil Procedure only requires findings of fact in actions tried by the court without a jury and where a party files a motion no later than ten days after entry of judgment. Even though evidence may be received by way of sworn affidavits, deposition testimony, and other such evidence, a Rule 56 summary judgment hearing is not an action "tried upon the facts without a jury" so as to trigger Rule 52 applicability. Neither of those circumstances contemplated by Rule 52 are present here, therefore, findings of fact are not necessary.

¶25. Additionally, the record shows that the trial court addressed the issues of false reporting and fraud at both the hearing on Regions' Motion for Summary Judgment and the hearing on the Harmons' Motion to Reconsider. The trial judge specifically stated at the hearing on summary judgment:

> This Court is of the opinion that it is the intention under the Fair Credit Reporting Act that the very type of claim that's being asserted here is preempted; that is to say that this claim cannot be brought in this proceeding in this court outside the confines of the Fair Credit Reporting Act. **I don't see any allegations of fraud and they're supposed to be slapping me in the face if there are any.**

10

¶26.    Again, at the hearing on the Motion to Reconsider, the trial judge noted, "I don't think the Court could fairly conclude that there was a presumption of malice or willful intent without further evidence."

¶27.    This Court is duly bound to respect the lower court's findings of fact when they are supported by reasonable evidence in the record and are not manifestly wrong. *See Byrd v. Bowie*, 933 So. 2d 899, 905 (Miss. 2006).  There was no mandatory requirement of findings of fact; however, the findings were sufficient in this case. Therefore, this issue is without merit.

   III.    **Whether the trial court erred in denying the Harmons' Motion to Amend the Complaint**

¶28.    Motions for leave to amend a complaint are at the sound discretion of the trial court. *Wal-Mart Super Ctr. v. Long*, 852 So. 2d 568, 570 (Miss. 2003).  The Court reviews such determinations under an abuse of discretion standard. *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 961 (Miss. 2002).  Unless convinced that the trial court abused its discretion, the Court is without authority to reverse.  *Id.*  Although the trial court has discretion to allow an amendment, it should not allow amendment when to do so would prejudice the defendant. *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So. 2d 574, 579 (Miss. 1998).

¶29.    Here, the Harmons requested leave to amend their complaint at the hearing on the Defendant's motion for summary judgment on September 1, 2005.  The trial judge, on the record, granted leave but asserted:

11

Your motion to amend the complaint would need to . . . be filed before a motion to reconsider and before we have a final order. It has to be before we have a final order . . . If I enter a final judgment, then I won't have jurisdiction to decide any other things that you might have that you want me to consider, so I would like to give you an opportunity to do that.

However, the Harmons did not file their Motion to Amend Complaint until September 26, 2005, seven days after the entry of final judgment. A motion to amend is not timely where it is filed after summary judgment is entered. *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1219-20 (Miss. 2001). Therefore, this issue is without merit, and the trial court properly denied the amendment.

## CONCLUSION

¶30.    Accordingly, the trial court correctly granted Regions Bank's motion for summary judgment as this claim is preempted by the Fair Credit Reporting Act. The Harmons failed to raise sufficient allegations of malice or willful intent to injure. For this reason, we affirm the trial court.

¶31.    **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., AND CARLSON, J., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY. DIAZ, P.J., EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. LAMAR, J., NOT PARTICIPATING.**