KING, C.J.,
 

 for the Court.
 

 ¶ 1. On April 13, 2004, Nina Nunez filed a lawsuit in the Circuit Court of Lawrence County against Joseph P. Spino, Jr., alleging that he was responsible for injuries she sustained in an all-terrain vehicle (ATV) accident. Spino ñled a motion for summary judgment, which the trial court granted. Aggrieved, Nunez appeals and argues that the trial court erred by granting summary judgment in favor of Spino. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On April 13, 2001, Nunez visited her daughter, her grandchild, and Jeffrey Spi-no (Jeffrey), who is her daughter’s fiancé and also Spino’s son. The couple lived in a trailer that was located across the highway from Spino’s home. Spino owned a chicken farm, which was located near the daughter and Jeffrey’s trailer. Jeffrey worked on the chicken farm. Spino had purchased an ATV for Jeffrey to use while he was working on the farm. However, Jeffrey commonly let his friends ride the ATV for fun. Nunez would also ride the ATV whenever she visited her family.
 

 ¶ 3. On that particular day, Nunez had been riding the ATV with her grandson. In Spino’s deposition, he said that he was unaware that Nunez was visiting that day. Eventually, Nunez’s family left the premises, going out of town for the Easter holiday. After they left, Nunez remained on the property and continued to ride the ATV. In Nunez’s deposition, she admitted that she had consumed two beers that day.
 

 ¶ 4. Nunez was driving the ATV on a gravel road. As she attempted to turn, the steering and brakes allegedly failed. This caused Nunez to crash into a barbed wire fence, and she was thrown from the ATV. Shortly after the accident, Spino was going to check on the chickens when he saw Nunez lying in the field. Spino took Nunez to the emergency room. As a result of the accident, Nunez sustained several injuries: a severed ear, an injury to her left calf, neck and lower back pains, and chipped teeth.
 

 ¶ 5. On April 13, 2004, Nunez filed a lawsuit against Spino, alleging that he was responsible for her injuries. Nunez claimed that Spino was aware that the ATV had steering and brake problems, and he failed to warn her. Spino filed a motion for summary judgment, arguing that Nunez was a licensee on his property; thus, he only owed her a duty to refrain from willfully or wantonly injuring her. Spino argued that there was no genuine issue of material fact because there was no evidence that he willfully or wantonly caused injury to Nunez. In response, Nunez argued that she was an invitee, and Spino owed her the duty to warn her of the defective ATV.
 

 ¶ 6. The trial court found that: (1) there was no genuine issue of material fact with regard to Nunez’s status as a licensee because, at the time of the incident, she was riding the ATV for her own pleasure; and (2) Spino did not take any action to willfully or wantonly injure Nunez. Accordingly, on April 18, 2008, the trial court granted Spino’s motion for summary judg
 
 *84
 
 ment. Aggrieved, Nunez timely filed her notice of appeal.
 

 ANALYSIS
 

 ¶ 7. Nunez’s sole argument is that the trial court erred by granting summary judgment in favor of Spino. On appeal, the trial court’s grant of a motion for summary judgment is reviewed de novo.
 
 Todd v. First Baptist Church of West Point,
 
 993 So.2d 827, 829(¶ 9) (Miss.2008) (citing
 
 Harmon v. Regions Bank,
 
 961 So.2d 693, 697(¶10) (Miss.2007)). The Court views the judgment in the light most favorable to the nonmoving party.
 
 Id.
 
 (citing M.R.C.P. 56(c)). “If any triable issues of material fact exist, the trial court’s decision to grant summary judgment will be reversed.”
 
 Id.
 
 (quoting
 
 Harmon,
 
 961 So.2d at 697(¶ 10)).
 

 ¶ 8. Nunez argues that the trial court erred by granting summary judgment in favor of Spino. She argues that the principles of premises liability do not apply to this case, and Spino is liable for her injuries based on his failure to restrict use of the defective ATV. Alternatively, if the principles of premises liability do apply to this case, Nunez argues that there was a genuine issue of material fact as to her status as an invitee or a licensee.
 

 ¶ 9. Conversely, Spino argues that the trial court did not err by granting his motion for summary judgment because (1) the principles of premises liability apply to this case; (2) there was no genuine issue of material fact as to Nunez’s status as a licensee; and (3) there was no evidence that Spino did anything to willfully or wantonly injure Nunez.
 

 I. Premises Liability
 

 ¶ 10. A plaintiff must present evidence to satisfy the elements of negligence: duty, breach of duty, proximate cause, and damages.
 
 See Thomas v. The Columbia Group, LLC,
 
 969 So.2d 849, 852(¶ 11) (Miss.2007). The principles of premises liability help the court determine what duty was owed to the plaintiff by the defendant.
 
 Id.
 
 The duty owed by the defendant is determined by the plaintiffs status as an invitee, a licensee, or a trespasser.
 
 Id.
 

 ¶ 11. Thus, the principles of premises liability are essential for this Court to determine Nunez’s status, the duty Spino owed to Nunez, and whether Spino breached that duty. Nunez’s argument that the principles of premises liability do not apply to this case is without merit.
 

 II. Nunez’s Status
 

 ¶ 12. The threshold question is whether Nunez is an invitee or a licensee. An invitee is a person who “enters the premises of another in answer to the express or implied invitation of the owner or occupant for them mutual advantage.”
 
 Thomas,
 
 969 So.2d at 852(¶ 12) (citing
 
 Holliday v. Pizza Inc., Inc.,
 
 659 So.2d 860, 865 (Miss.1995)). A licensee is a person who “enters the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner.... ”
 
 Id.
 
 The plaintiffs status can be a question of fact for the jury to decide.
 
 Howze v. Garner,
 
 928 So.2d 900, 902(9) (Miss.Ct.App.2005) (citing
 
 Adams v. Fred’s Dollar Store of Batesville,
 
 497 So.2d 1097, 1100 (Miss.1986)). However, that determination becomes a question of law for the trial court to decide when there are no factual disputes.
 
 Id.
 

 ¶ 13. Nunez contends that she was an invitee because she was Jeffrey’s guest, and she occasionally did work for Spino. The supreme court has held that “the visitor does not have to be upon the property for the sole purpose of the possessor’s business to be considered an ‘invitee,’ but
 
 *85
 
 ‘the visit may be for the convenience or arise out of the necessities of others who are themselves upon the land for such a purpose.’ ”
 
 Evans v. Hodge, 2
 
 So.3d 683, 687(¶ 10) (Miss.Ct.App.2008) (citing Restatement (Second) of Torts § 332 cmt. (g) (1965)).
 

 ¶ 14. Jeffrey worked for his father, but there was no indication that Jeffrey was working on that day or that Nunez’s presence on Spino’s property was associated with Jeffrey’s work. In her deposition, Nunez stated that she was simply visiting her family on that day. In addition, Nunez remained on Spino’s property and rode the ATV even after her family had left the premises.
 

 ¶ 15. In regard to her alleged employment with Spino, Nunez was asked the following:
 

 Q. Did you ever at any time work for Mr. Spino?
 

 A. No, sir. I helped him clean his house, his mother’s home because she was an elderly sick lady and he would ask me to clean it. I would clean it once a week or stuff like that. And they would pay me a little. That’s all. That’s the only thing to help his mother out.
 

 Q. Had you cleaned her house [on the day of the accident]?
 

 A. No, sir.
 

 ¶ 16. Based on the foregoing, Nunez was clearly a social guest; she was on Spino’s property riding his ATV for her own pleasure and benefit. This makes her a licensee. There was no genuine issue of material fact as to Nunez’s status. Thus, we find that the trial court did not err by determining that Nunez was a licensee.
 

 III. Duty/Breach of Duty
 

 ¶ 17. Because Nunez was a licensee, Spino owed her a duty to refrain from willfully or wantonly causing injury to her.
 
 Hotuze,
 
 928 So.2d at 903(¶ 11). The trial court found that Spino did not take any action to willfully or wantonly cause injury to Nunez.
 

 ¶ 18. Nunez argues that the trial court erred in its analysis. Nunez argues that Spino should be held to a higher standard because he knew that she was present on his property, and he failed to warn her of the defects in the ATV.
 

 ¶ 19. Although Nunez frequently visited the family, Spino was not aware of Nunez’s presence on his property until after her accident. In her deposition, Nunez stated that she was aware that the ATV previously had brake problems. Spino confirmed her statement. However, both Nunez and Spino stated that the brakes were fixed' whenever a problem arose.
 

 ¶ 20. Nunez claims that Spino knew that 'the brakes were “out” on the day of her accident. There was no indication that Spino knew anything about a steering problem. In Nunez’s deposition, she said that after her accident, she learned that the ATV had brake problems the previous weekend and that the brakes had supposedly been fixed. Nunez was also asked the following:
 

 Q. You said [Spino] came to see you at your daughter’s house the day after [the accident]?
 

 A. Yes.
 

 Q. And you said he made a comment about his son and your daughter had friends over the weekend before and they noticed a problem with the brakes and you said a few days after he told you not to ride it because the brakes were out.
 

 A. Yes, sir.
 

 Q. Since the accident was there any other times [that Spino] talked to you about problems or discussions
 
 *86
 
 with you about the brakes as it relates to your accident.
 

 [[Image here]]
 

 A. Now, it could have been my daughter’s boyfriend also. He may have been the one who told me the brakes that went out that weekend before.
 

 Q. So you are not sure?
 

 A. And he told his father. Well, of course his father had to take it in. Yeah. My daughter’s fiancé said that they were riding and one of his friends discovered something wrong with the brakes but they fixed it.
 

 [[Image here]]
 

 A. Uh-huh, but [Spino] did not know about that. And when Jeffrey told his father that is when [Spino] told me.
 

 Nunez admitted that Spino was not aware that there had been another problem with the brakes on the ATV until Jeffrey informed him after Nunez’s accident.
 

 ¶ 21. There was no genuine issue of material fact regarding Nunez’s status as a licensee, and there was no evidence that Spino did anything to willfully or wantonly injury Nunez. Thus, the trial court did not err by granting Spino’s motion for summary judgment. This claim is without merit.
 

 ¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.