IRVING, P.J.,
for the Court:
¶ 1. John F. Wood filed suit in the Leake County Circuit Court against Mossy Oak Properties Inc., Howell & Howell Estates *445 & Land LLC (Howell & Howell),[1] Glen Watkins, Brent Frederick, and John Does 1-10 raising numerous causes of action stemming from the purchase of real property. Howell & Howell filed a motion for summary judgment, which the circuit court granted on August 31, 2011.[2] Thirteen days later, Wood filed a motion to reconsider and a motion to amend his complaint. The court denied both motions. Feeling aggrieved, Wood appeals and argues that the circuit court erred in granting summary judgment in favor of Howell & Howell and in denying his request to amend his complaint.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. In the fall of 2008, Watkins purchased the subject property using Howell & Howell as his brokerage firm and Frederick as his real estate agent. On February 3, 2009, Wood purchased the subject property from Watkins. Frederick, still employed by Howell & Howell as a real estate agent, facilitated the transaction between Wood and Watkins. Wood never employed Howell & Howell as his brokerage firm, and he never met Watkins in person prior to purchasing the property. After closing, Wood discovered numerous defects with the property. The roof of the building, located on the property, leaked, and the building would consistently flood. There was no paths of ingress and egress to and from the property. Wood also learned that Frederick had misrepresented the property’s appraised value. Wood alleged that the failure to disclose this information constituted fraud, negligence, a breach of the covenant of good faith and fair dealing, and a breach of fiduciary duty.
¶ 4. In his deposition, Wood testified that he had contacted Frederick a year before buying the subject property regarding a different parcel of property. According to Wood, the signs on the other properties that he had viewed read “Mossy Oak Properties, Brent Frederick, [telephone number].” Regarding the subject property, Wood testified that Frederick contacted him and told him that the property’s appraised value was $135,000, but that he would sell the property to Wood for $95,000. Wood knew that Frederick was a real estate agent with Howell & Howell but did not know who actually owned the property until after he had purchased it. He stated that he had met with Frederick at his office at Howell & Howell about purchasing other properties. However, Wood never met with Frederick at Howell & Howell’s offices to discuss the purchase of the subject property. Wood eventually visited the property with Frederick and walked the property boundaries. Wood never signed any papers with Howell & Howell’s logo on them; he never entered into a buy/sell agreement with Howell & Howell or Frederick; and he never signed a sales contract for the subject property. Wood gave Frederick $4,000 as a down payment on the purchase and financed the remainder of the purchase with a bank loan.
*446 ¶ 5. Frederick testified that he began working for Howell & Howell in 2007 as a sales agent. After Frederick sold the subject property to Wood, Howell & Howell requested that Frederick “put [his] license on inactive status.” He has not been employed since then. Frederick stated that while he was employed at Howell & Howell, he retained the authority to sell properties that were not managed by Howell & Howell. Frederick admitted that the subject property may have had a Howell & Howell sign on it because it had been previously managed by Howell & Howell. However, the property was not managed by Howell & Howell at the time that he sold it to Wood. Frederick testified that he was selling the subject property as a personal venture, that no one at Howell & Howell knew that he was selling the property, and that no one from Howell & Howell assisted him in selling the property to Wood. Frederick also stated that he never told Wood that the sale of the subject property would be completed through Howell & Howell.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

I. Summary Judgment

¶ 7. “[I]n determining whether the [circuit] court properly granted a motion for summary judgments appellate courts] con-duett] a de novo review of the record.” Hankins v. Md. Cas. Co./Zurich, Am. Ins. Co., 101 So.3d 645, 658 (¶ 15) (Miss.2012) (quoting Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995)). According to Rule 56(c) of the Mississippi Rules of Civil Procedure, a circuit court may grant summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” “A fact is material if it ‘tends to resolve any of the issues, properly raised by the parties.’ ” Webb v. Jackson, 583 So.2d 946, 949 (Miss.1991) (quoting Mink v. Andrew Jackson Cas. Ins. Co., 537 So.2d 431, 433 (Miss.1988)). “The moving party bears the burden of showing that no genuine issue of material fact exists[.]” Hooker v. Greer, 81 So.3d 1103, 1108 (¶ 16) (Miss.2012) (citing Waggoner v. Williamson, 8 So.3d 147, 152 (¶ 11) (Miss.2009)). Additionally, the circuit court must view the evidence in the light most favorable to the nonmoving party. Russell v. Orr, 700 So.2d 619, 622 (¶ 8) (Miss.1997).
¶ 8. In his complaint, Wood alleged that Howell & Howell was vicariously liable for Frederick’s breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and fraudulent misrepresentation. A principal may be held liable for the torts of its agent that are committed within the scope of the agent’s employment. See Children’s Med. Grp., P.A. v. Phillips, 940 So.2d 931, 935 (¶ 13) (Miss.2006). “To be “within the scope of employment,’ the [agent’s conduct] must have been committed in the course of and as a means to accomplishing the purposes of [his] employment [with the principal] and therefore [be] in furtherance of the [principal’s] business.” Robinson v. Hill City Oil Co., Inc., 2 So.3d 661, 669 (¶ 31) (Miss.Ct.App.2008) (quoting Adams v. Cinemark USA, Inc., 831 So.2d 1156, 1159 (¶ 9) (Miss.2002)).
¶ 9. Howell & Howell attached the following items to its motion for summary judgment: Wood’s complaint naming it as a defendant, excerpts from Wood’s deposition, and excerpts from Frederick’s depo *447 sition. Through Frederick’s and Wood’s deposition testimony, Howell & Howell demonstrated its complete absence from the transaction between Frederick and Wood. Frederick consistently stated that he sold the subject property as a personal venture. Although Howell & Howell was involved in Watkins’s purchase of the property in 2008, it was not involved in the subsequent sale of the property to Wood. It is undisputed that Howell & Howell had not listed the property as being for sale, did not assist Frederick in advertising the property as being for sale, and did not receive a commission after Frederick sold the property to Wood. Additionally, Wood testified that he never signed any papers that indicated that Howell & Howell was involved in the transaction and never visited Frederick at Howell & Howell’s offices to discuss the purchase of this property. Wood never produced any evidence to demonstrate that Howell & Howell was involved in his purchase of this property or that a genuine issue of material fact remained that would make Howell & Howell hable for any of Frederick’s actions.
¶ 10. Nevertheless, Wood maintains that Howell & Howell is liable for Frederick’s conduct because Frederick acted with apparent authority. The Mississippi Supreme Court has stated:
Apparent authority exists when a reasonably prudent person, having knowledge of the nature and usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have.
Mladineo v. Schmidt, 52 So.3d 1154, 1167 (¶ 49) (Miss.2010) (quoting Andrew Jackson Life Ins. Co. v. Williams, 566 So.2d 1172, 1180 (Miss.1990)). “To recover under the theory of apparent authority, ... three factors must be present: (1) acts or conduct on the part of the principal indicating the agent’s authority, (2) reasonable reliance on those acts, and (3) a detrimental change in position as a result of such reliance.” Id. (citing Williams, 566 So.2d at 1180). Also, while the question of whether the evidence meets the three factors is a question of fact for the jury, “if evidence on any of the three elements is missing, summary judgment [on this issue] is appropriate.” Hutton v. Am. Gen. Life & Accident Ins. Co., 909 So.2d 87, 94 (¶ 21) (Miss.Ct.App.2005) (citing Barhonovich v. Am. Nat’l Ins. Co., 947 F.2d 775, 778 (5th Cir.1991)).
¶ 11. Frederick’s and Wood’s deposition testimonies demonstrate the absence of a genuine issue of material fact as to Frederick’s apparent authority. Frederick testified that he was not selling this property on Howell & Howell’s behalf. Wood testified that he never signed any papers that would indicate that Howell & Howell was involved in the sale of this property. Wood failed to present any evidence of conduct by Howell & Howell that would indicate that it gave Frederick authority to sell the subject property on its behalf. While it is undisputed that Frederick worked for Howell & Howell and that Wood had previously visited with Frederick at Howell & Howell’s offices in connection with other parcels of property, the course of past dealings is just one factor for the finder of fact to consider in determining the scope of an agent’s apparent authority. See Alexander v. Tri-County Co-op. (AAL), 609 So.2d 401, 404 (Miss.1992). With no evidence to demonstrate that Howell & Howell acted in any way to convey to Wood that Frederick was selling the subject property on its behalf, any evidence supporting the remaining two factors is irrelevant, and this issue was proper for disposal at the summary-judgment *448 stage. Accordingly, this issue is without merit.

II. Motion to Amend

¶ 12. Wood- argues that the circuit court erroneously denied his request to amend his complaint, which he filed with his request for reconsideration thirteen days after the circuit court entered its final judgment granting summary judgment in favor of Howell & Howell. “Motions for leave to amend a complaint are at the sound discretion of the [circuit] court.” Harmon v. Regions Bank, 961 So.2d 693, 701 (¶ 28) (Miss.2007) (citing Wal-Mart Super Ctr. v. Long, 852 So.2d 568, 570 (¶ 6) (Miss.2003)). Therefore, we review a circuit court’s denial of such a request under an abuse-of-discretion standard. Moeller v. Am. Guar. & Liab. Ins. Co., 812 So.2d 953, 961 (¶ 26) (Miss.2002). Our supreme court has previously held that “[a] motion to amend is not timely where it is filed after summary judgment is entered.” Harmon, 961 So.2d at 701 (¶ 29) (citing Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1219-20 (¶ 49) (Miss.2001)).
¶ 13. Wood’s motion to amend his complaint proposed to add alleged areas of liability for Howell & Howell, despite the circuit court’s previous grant of summary judgment in favor of Howell & Howell. Accordingly, as Wood filed his motion to amend his complaint after the entry of summary judgment in favor of Howell & Howell, the circuit court properly denied Wood’s request to amend his complaint. This issue is without merit.
¶ 14. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, CONCUR.

. Wood's lawsuit initially listed Howell & Howell and Mossy Oak Properties as two separate entities. However, during discovery, the circuit court learned that Howell & Howell’s proper name is Mossy Oak Properties Howell & Howell Estates & Land LLC. As such, the circuit court dismissed Mossy Oak Properties Inc., as a separate entity, prior to the filing of Howell & Howell’s summary-judgment motion.

. The circuit court granted summary judgment with respect to Howell & Howell only and certified it as a final judgment pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure.