# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00880-COA

K.T., BY AND THROUGH HER NATURAL PARENTS AND GUARDIANS, MICHAEL TOEPFER AND JENNIFER TOEPFER

APPELLANT

v.

KLEIN ROAD CHURCH OF GOD

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2015 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DAVID PAUL PITRE |
| ATTORNEYS FOR APPELLEE: | JOHN A. BANAHAN |
| | CALEN JAMES WILLS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED: 08/23/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE LEE, C.J., CARLTON AND FAIR, JJ.

FAIR, J., FOR THE COURT:

¶1. K.T. was four years old when she fell off a swing set at Klein Road Church of God (the Church). She was there attending a local 4-H meeting with her mother and brother. Through her parents, Michael and Jennifer Toepfer, K.T. sued the Church on premises-liability grounds, claiming that she was an invitee. The circuit court granted summary judgment in favor of the Church and K.T. appealed. After our own de novo review of the record, we find no genuine issues of material fact. Therefore, we affirm the circuit court's

grant of summary judgment.

## FACTS

¶2.     On October 20, 2011, K.T. accompanied her mother and brother to a local 4-H meeting at the Church.  The Toepfers were not members of the Church, nor had they ever attended a service there.  The Church had granted the 4-H group permission to use its facility, Parish Hall.  Many of the attendees, including the Toepfers, were also members of the local Coast Christian Home Educators Association (CCHEA).

¶3.     After the meeting ended, some parents, including Jennifer, took their children onto the Church playground during a "refreshment period."  Jennifer and K.T. went to the swing set.  K.T. swung with her legs stretched, and Jennifer stood in front of her, pushing her feet.  As K.T. swung forward, she fell backwards out of the swing and hit her head on the ground.

¶4.     Jennifer took K.T. to the emergency room at Memorial Hospital in Gulfport, Mississippi.  After initial testing, K.T. was airlifted to Ochsner's Medical Center in New Orleans, Louisiana.  There, she was diagnosed with an occipital bone fracture extending to her right temporal bone.

¶5.     K.T. sued the Church on premises-liability grounds, claiming that her head struck a tree root when she fell and that the Church owed her, as an invitee, a duty to provide a premises free of dangerous conditions.  On the Church's motion for summary judgment, the circuit court found that K.T.  was a licensee and granted the Church's motion.

## STANDARD OF REVIEW

2

¶6. "We employ a de novo standard of review of a trial court's grant or denial of summary judgment and examine all the evidentiary matters before it . . . ." *Davis v. Hoss,* 869 So. 2d 397, 401 (¶10) (Miss. 2004). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). *Davis,* 869 So. 2d at 401 (¶10). "Summary judgment is improper when the plaintiff has advanced enough circumstantial evidence to take [her] claims out of the realm of 'mere conjecture' and plant them in the solid ground of 'reasonable inference.'" *Buckel v. Chaney,* 47 So. 3d 148, 156 (¶26) (Miss. 2010) (citation omitted).

¶7. "[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Furthermore:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

*Galloway v. Travelers Ins.,* 515 So. 2d 678, 684 (Miss. 1987).

## DISCUSSION

¶8. In a premises-liability case, as in all negligence actions, the plaintiff must prove four elements: (1) duty; (2) breach of duty; (3) a causal connection between the breach and the

damages; and (4) damages. *Double Quik Inc. v. Lymas*, 50 So. 3d 292, 298 (¶30) (Miss. 2011). The injured person's status is the threshold inquiry in any premises-liability action. *Nunez v. Spino*, 14 So. 3d 82, 84 (¶12) (Miss. Ct. App. 2009). "Mississippi adheres to the invitee/licensee/trespasser trichotomy when analyzing the property owner's duty of care." *Corley v. Evans*, 835 So. 2d 30, 37 (¶21) (Miss. 2003) (citing *Hudson v. Courtesy Motors Inc.*, 794 So. 2d 999 (Miss. 2001)).

¶9.     K.T.'s status relative to the Church determines what duty it owed her. The circuit court found that K.T. was a licensee. K.T. argues, however, that she was an invitee. "An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Id*. (quoting *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008, 1011 (Miss. 1978)). "A landowner owes an invitee the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and open view." *Little v. Bell*, 719 So. 2d 757, 760 (¶16) (Miss. 1998) (citing *Caruso v. Picayune Pizza Hut Inc.*, 598 So. 2d 770, 773 (Miss. 1992)).

¶10.    "A licensee, on the other hand, is defined as a person who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner." *Hudson*, 794 So. 2d at 1003 (¶10) (citation omitted). A landowner's only duty to a licensee is to refrain from willfully or wantonly causing injury to her. *Hoffman*, 358 So. 2d at 1012.

4

¶11.    The distinction in status between an invitee and licensee focuses on whether the landowner actually receives an advantage from the person on the landowner's premises. *Daulton v. Miller*, 815 So. 2d 1237, 1239 (¶9) (Miss. Ct. App. 2001). If so, the person is an invitee. *Id*. Otherwise the landowner is simply permitting the person's presence as a licensee. *Id*. A benefit to the landowner must be received from the injured party. *Doe v. Jameson Inn*, 56 So. 3d 549, 555 (¶17) (Miss. 2011).

¶12.    K.T. argues that the Church received the "intangible benefit" of potential increased membership by opening its facilities to outside groups. David Bowen, the Church's pastor, specifically testified that the Church opened its doors to outside groups to serve the community, not to increase membership. In any event, Mississippi law does not recognize an intangible benefit as a benefit to the landowner in premises-liability cases. *Daulton*, 815 So. 2d at 1239 (¶10). The landowner must receive a tangible economic advantage. *Id*. at (¶11).

¶13.    In *Clark v. Moore Memorial United Methodist Church*, 538 So. 2d 760, 762 (Miss. 1989), our supreme court explained how a church receives such an economic advantage. The case involved a church member, the plaintiff, who slipped and fell during a church function. *Id*. at 761. She filed suit against the church, claiming invitee status. *Id*. at 762. The trial court granted summary judgment in favor of the church, finding that the plaintiff was a licensee because the church was a "non-commercial, non-profit entity." *Id*. The supreme court overruled the trial court, stating:

5

> Members of religious associations . . . fall within the category of "public invitees[.]" . . . Religious bodies do expressly and impliedly invite members to come and attend their services and functions. They hold their doors open to the public. While they do not charge admission fees . . . churches do depend on contributions . . . in order that they may continue to be open to the public. Therefore, a *church member* who does not exceed the scope of a church's invitation, is an invitee *while attending a church for church services or related functions*.

*Id*. at 764 (emphasis added).

¶14. Here, the Church gained no economic advantage conferring invitee status to K.T. K.T. was not a member of the Church. The 4-H meeting she attended was not a church-related function. In addition, the Church did not charge K.T. or the 4-H group a fee to use the hall. The Church simply permitted 4-H, an outside group, to use its facilities.

¶15. K.T. further claims that the 4-H meeting was also a CCHEA meeting. Specifically, she argues that Pastor Bowen's membership in CCHEA made the meeting a "church function." Pastor Bowen did testify that he and his wife were members of the CCHEA. However, his membership in a local, outside organization does not extend to the Church as a whole. More importantly, the 4-H leader's husband (the leader passed away before depositions) testified that the 4-H meeting was not associated with CCHEA or the Church in any way.

¶16. The undisputed facts show that K.T. was a licensee. As a licensee, the Church had the duty to refrain from willfully or wantonly injuring K.T. A willful or wanton injury is more than mere inadvertence or lack of attention. *Leffler v. Sharp*, 891 So. 2d 152, 159 (¶22) (Miss. 2004). Rather, the conduct must differ in quality, as well as in degree, from ordinary

negligence and constitute a conscious disregard of a known serious danger. *Id*. After reviewing the record, we find no evidence showing that the Church breached its duty to refrain from willfully or wantonly injuring K.T.

## CONCLUSION

¶17. Because we find that K.T. was a licensee and that there is no evidence of willful or wanton conduct on the Church's behalf, we affirm the circuit court's grant of summary judgment in favor of the Church.

¶18. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**