# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01060-COA

MARY ARCHER                                                                              APPELLANT

v.

HARLOW'S CASINO RESORT & SPA                                             APPELLEE

DATE OF JUDGMENT:              09/12/2022
TRIAL JUDGE:                         HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:   WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MARY ARCHER (PRO SE)
ATTORNEY FOR APPELLEE:       BLAKE DAMON SMITH
NATURE OF THE CASE:          CIVIL - TORTS-OTHER THAN PERSONAL
                             INJURY & PROPERTY DAMAGE
DISPOSITION:                 AFFIRMED - 06/11/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., GREENLEE AND McDONALD, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Mary Archer sued Harlow's Casino Resort & Spa for fraud and "bad faith" after she lost a "kiosk ticket" on the casino's gaming floor. The circuit court dismissed Archer's pro se complaint for failure to state a claim and failure to plead fraud with particularity. However, this Court reversed in part, holding that the dismissal should have been without prejudice, and we remanded with instructions that Archer should be allowed to amend her complaint if she properly sought leave to amend. On remand, Archer filed a motion to amend her complaint and a proposed amended complaint, but the circuit court denied Archer's motion, holding that the amendment would be futile because the proposed amended complaint still failed to state a claim upon which relief could be granted. Archer filed a

motion to alter or amend the judgment, which was denied, and again appealed.

¶2.     We affirm. The circuit court properly denied Archer's motion because her proposed amended complaint failed to state a claim for relief.

## FACTS AND PROCEDURAL HISTORY

¶3.     In February 2020, Archer sued Harlow's in the Washington County Circuit Court. Her pro se complaint alleged that on January 10, 2020, she "placed $500.00 . . . on a kiosk ticket" at the Greenville casino and that she "accidentally dropped her cellphone and the $500.00 ticket together" while she was "moving about in the casino from one machine to another." Archer alleged that she asked Harlow's employees for help and "request[ed] assistance from casino surveillance." Casino employees returned Archer's phone to her less than an hour after she reported the loss, telling her that a "housekeeping employee name[d] Gloria . . . found and turned in" the phone. But casino employees told Archer that the kiosk ticket had not been found. In the days that followed, Archer continued to call Harlow's about her lost ticket, but it was not returned to her. Archer alleged that on January 30, 2020, Harlow's offered to "give her $100.00," but she refused. Archer's pro se complaint asserted claims for fraud and bad faith, alleging that she "was entitled to [Harlow's] assistance and security procedures in the recovery of her accidental loss of her" kiosk ticket.

¶4.     Harlow's filed a motion to dismiss, arguing that Archer's complaint failed to state a claim upon which relief could be granted, M.R.C.P. 12(b)(6), and failed to plead fraud with particularity, M.R.C.P. 9(b). The circuit court granted Harlow's motion and dismissed the complaint on both grounds. Archer filed a notice of appeal.

¶5. On appeal, this Court affirmed the dismissal of the original complaint, but we held that the dismissal should have been without prejudice. We remanded the case with the instruction that Archer should be allowed to amend her complaint if she filed a proper motion for leave to amend. *Archer v. Harlow's Casino Resort & Spa*, 335 So. 3d 613, 619 (¶25) (Miss. Ct. App. 2022).

¶6. On remand, Archer, still proceeding pro se, filed a motion for leave to amend and a proposed amended complaint. The proposed amended complaint reasserted and incorporated the entirety of Archer's original complaint. In addition, Archer alleged "that pursuant to [Mississippi] gaming laws and regulations" Harlow's "had a duty to . . . investigate" the loss of her kiosk ticket, including by maintaining and using "surveillance video cameras throughout the casino." Finally, Archer alleged that Harlow's represented to her "that her kiosk ticket was located on surveillance equipment but [that] the identity of the . . . individual removing the ticket was unknown or would not be revealed to her." She alleged that Harlow's "representation regarding the identity of the person removing her kiosk ticket was false[] and/or a negligent failure to investigate the loss of [her kiosk ticket]."

¶7. The circuit court denied Archer's motion for leave to amend, reasoning that the amendments would be "futile." The court explained that "[i]n the absence of some specific authority, statute, or regulation that imposes a legal duty on Harlow's to help [Archer] find her lost kiosk ticket, [the] set of facts [alleged in her complaint] does not give rise to a legal claim." Therefore, the court dismissed the case with prejudice.

¶8. Archer thereafter filed a motion to alter or amend the judgment. The circuit court

3

denied Archer's motion, adding that Archer's proposed amended complaint still failed to allege the essential elements of fraud and failed to allege fraud with particularity. Archer filed a notice of appeal.

## ANALYSIS

¶9.     We review the denial of a motion to amend a complaint "under an abuse of discretion standard." *Harmon v. Regions Bank*, 961 So. 2d 693, 701 (¶28) (Miss. 2007). "[W]hen the proposed amendment would still render the claim futile, the [trial court] is well within [its] discretion to deny such request." *Spiers v. Oak Grove Credit LLC*, 328 So. 3d 645, 651 (¶14) (Miss. 2021) (quotation marks omitted) (quoting *Griffin v. CitiMortgage Inc.*, 296 So. 3d 767, 772 (¶13) (Miss. Ct. App. 2020)). "In other words, a court may deny a motion for leave to amend a complaint if the proposed amended complaint would still fail to state a claim upon which relief could be granted." *Id.* (quoting *Griffin*, 296 So. 3d at 772 (¶13)); *see also id.* at 651 (¶15) ("To be futile, the amendment must fail to state a claim.").

¶10.    To begin with, we agree with the circuit court that Harlow's was under no general "legal duty . . . to help [Archer] find her lost kiosk ticket." Archer's proposed amended complaint made conclusory allegations that Harlow's had such a duty, but "[t]he existence vel non of a legal duty is a question of law to be decided by the court." *Eli Invs. LLC v. Silver Slipper Casino Venture LLC*, 118 So. 3d 151, 154 (¶11) (Miss. 2013). As the circuit court stated, Archer identified no statute, regulation, or other legal authority that would impose such a duty. Therefore, Archer's proposed amended complaint was indeed futile to the extent that it relied on an alleged "duty" to help her find her ticket.

4

¶11. Regarding Archer's fraud claim, allegations of fraud must be pled "with particularity." M.R.C.P. 9(b). Specifically, the essential elements of fraud must be pled with particularity. *State v. Bayer Corp.*, 32 So. 3d 496, 501 (¶18) (Miss. 2010) (citing *Allen v. Mac Tools Inc.*, 671 So. 2d 636, 642 (Miss. 1996)). These elements are

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Id.* (quoting *Allen*, 671 So. 2d at 642). In addition, "[f]raud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated." *Id.* (quoting *Allen*, 671 So. 2d at 642).

¶12. Archer's proposed amended complaint adds some new allegations related to her fraud claim but still largely tracks her original complaint. As noted above, Archer alleges that Harlow's made a "representation . . . that her kiosk ticket was located on surveillance equipment but [that] the identity of the . . . individual removing the ticket was unknown or would not be revealed to her." She further alleges that this representation was "false[] and/or a negligent failure to investigate the loss of [her kiosk ticket]."

¶13. We agree with the circuit court that the proposed amended complaint fails to state a claim for fraud. Even if we accept as true Archer's allegation that Harlow's falsely stated that the identity of an individual "was unknown," Archer still fails to allege with particularity how she detrimentally relied on that representation or sustained any consequent and

5

proximate injury. Alternatively, if we accept as true Archer's allegation that Harlow's "would not . . . reveal[]" the individual's identity, then Harlow's did not make any statement that was false. Rather, Harlow's was simply unwilling to help Archer find her ticket. Therefore, the circuit court did not err by ruling that the proposed amended complaint was futile because it fails to state a claim for fraud.

## CONCLUSION

¶14. Archer's proposed amended complaint failed to state a claim upon which relief could be granted and failed to plead fraud with particularity. Therefore, the circuit court did not err by denying Archer's motion to amend and dismissing the case with prejudice.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**